UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-23589-CIV-KING

FELICE ABBY, individually and on behalf
Of all similarly situated,

      Plaintiff,

vs.

ROBERT PAIGE and
WINDY POINTE HOMEOWNERS
ASSOCIATION, INC.,

      Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

THIS CAUSE comes before the Court upon Motions to Dismiss (DE #12, 13) filed January 24, 2011 by Defendants Windy Point Homeowners Association, Inc. and Robert Paige.[1] Therein, Defendants seek dismissal of Plaintiff's Complaint (DE #1), which seeks recovery for certain alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").[2]

In support of their Motions to Dismiss, which are substantially similar in relevant part, Defendants rely on a case decided by a federal district court in the Northern District of Florida over fifteen years ago: *Azar v. Hayter*, 874 F. Supp. 1314 (N.D. Fla. 1995), and its subsequent affirmance by the Eleventh Circuit at 66 F.3d 342 (11th Cir. 1995). In *Azar*, Chief Judge Paul found that condominium association fees did not qualify as "debt" under the FDCPA,

---

[1] Plaintiff has responded to both Motions to Dismiss (DE #16, 18). Defendant Paige filed a Reply (DE #21) on February 22, 2011. As such, both underlying Motions to Dismiss are ripe for determination.
[2] Since the ripening of the underlying Motions to Dismiss, Defendant Robert Paige filed a Motion to Stay Discovery (DE #26) in which he seeks to stay discovery pending the Court's determination on the motions for dismissal.

as well as finding that attorneys filing suit to enforce a third-parties claims do not qualify as "debt collectors" within the meaning of the FDCPA. *Id.* at 1318-21. Chief Judge Paul, while recognizing that the relevant case law was "sparse," *id.* (citing Mabe v. G.C. Servs. Ltd. Partnership, 32 F. 3d 86, 88 (4th Cir. 1994), nonetheless relied in part upon a Third Circuit case, *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987).

Upon consideration of the changes in the law in the years since *Azar* was first decided, this Court finds that there has been an overwhelming disavowal of the basis for Chief Judge Paul's earlier opinion. Cases decided by other circuits evidence such a sea change. *See, e.g., Bass v. Stolper, Kiritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997); *Ladick v. Van Gemert*, 146 F.3d 1205, 1206 (10th Cir. 1998); *Duffy v. Landberg*, 133 F.3d 1120, 1123-24 (8th Cir. 1998); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739, 742 (9th Cir. 1997). Insomuch as Chief Judge Paul's decision relied upon *Zimmerman*, that basis has subsequently been reconsidered by the Third Circuit. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400-03 (3d Cir. 2000) (recognizing broad disavowal of *Zimmerman* and reversing earlier determination regarding extension of credit as prerequisite to definition of "debt" under FDCPA).

Indeed, the bulk of the intervening law within this Circuit also demonstrates that association assessment fees are now considered debts within the meaning of the FDCPA and that attorneys may be considered debt collectors under certain circumstances. *See, e.g. Williams v. Edelman*, 408 F. Supp. 2d 1261 (S.D. Fla. 2005) (holding that assessments constitute "debt" within meaning of FDCPA); *Agan v. Katzman & Korr*, Case No. 03-62145, 2004 WL 555257, at *1 (S.D. Fla. Mar. 16, 2004) (same). As such, this Court is confident that, in keeping with the

liberal intent of the FDCPA to protect the public against unscrupulous debt collectors, the Eleventh Circuit would today reconsider its affirmance of *Azar*.

Upon finding that *Azar* is no longer applicable and that Defendants' other stated bases for dismissal are unpersuasive, the Court finds Plaintiff has adequately pleaded the claims contained within the Complaint. As such, Defendants' Motions to Dismiss must be denied.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motions to Dismiss (DE #12, 13) be, and the same are hereby, **DENIED**. Defendants shall **ANSWER** Plaintiff's Complaint **within twenty days** of the date of this Order.

2. Defendant Robert Paige's Motion to Stay (DE #26) be, and the same is hereby, **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 1st day of April, 2011.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**
Sina Negahbani
PO Box 566055
Miami, FL 33256

3

305-595-9078
Fax: 305-595-9079
Email: NegahbaniS@yahoo.com

**Counsel for Defendant Paige**
**Mark Blumstein**
The Blumstein Law Firm
One Turnberry Place
Suite 302
19495 Biscayne Boulevard
Aventura, FL 33180
786-514-1604
Fax: 305-935-9710
Email: mark@blumsteinlaw.com

**Counsel for Defendant Windy Pointe**
**Susan H. Aprill**
Fowler White Burnett P.A.
21st Floor
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
954-377-8100
Fax: 954-377-8101
Email: sa@fowler-white.com

**Robert Kenneth Tucker , II**
George Hartz & Lundeen
4800 Le Jeune Road
Coral Gables, FL 33146
954-377-8100
Fax: 954-377-8101
Email: Rtucker@fowler-white.com