UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

Case No. 10-23589-CV-JLK

FELICE ABBY, individually and
on behalf of all similarly situated,

      Plaintiff,

v.

ROBERT PAIGE, and
WINDY POINTE HOMEOWNERS
ASSOCIATION, INC.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Class Certification (DE #202), filed March 9, 2012. Therein, Plaintiff Abby seeks to certify a class against Defendant Paige to seek damages for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* The Court is fully briefed in the matter.[1] Upon careful consideration of the pleadings, the Court finds that it must deny Plaintiff's motion.

### I. Background

On October 6, 2010, Plaintiff Felice Abby ("Abby"), a homeowner in the Windy Pointe residential complex, filed a Complaint in above-styled action, claiming that Defendant Windy Pointe Homeowners Association, Inc. ("Windy Pointe") and Defendant Robert Paige ("Paige"), Windy Pointe's attorney, made unlawful attempts to collect late fees on her homeowners' association dues

---

[1] Defendant Paige filed a Response (DE #230) on April 1, 2012, and Plaintiff Abby filed a Reply (DE #245) on April 9, 2012.

and improperly placed a lien on her house. (Compl., DE #1). Specifically, Plaintiff Abby alleges

violations of the FDCPA against Defendant Paige for "failing to provide proper validation notice

within five days of its initial communication with the consumers in violation of 15 U.S.C. §

1692g(a)" and for "failing to include debt collection warning as required by 15 U.S.C. § 1692e(11)

in the initial communication to consumers," among others. (Compl. ¶¶ 46(a)–(b), DE #1). After over

a year of discovery, Plaintiff Abby filed the instant Motion for Class Certification (DE #202) on

March 9, 2012.

## II. Rule 23 Standard & Analysis

To be entitled to class certification, the party seeking certification must have standing,

must meet each of the requirements specified in Rule 23(a), numerosity, commonality, typicality,

and adequacy of representation, as well as at least one subsection of Rule 23(b). *See Klay v. Humana*,

*Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). In addition, "[a] plaintiff seeking certification of a claim

for class treatment must propose an adequately defined class that satisfies the requirements of Rule

23." *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 667 (S.D. Fla. 2009).

Upon satisfaction that the plaintiff has proposed an adequately defined class, the courts must

ensure, through "rigorous analysis," that each and every element of Rule 23 is established at the time

of certification. See FED. R. CIV. P. 23 advisory committee's note. It is well settled that a plaintiff

bears the burden to meet every element of Rule 23, and "a district court's factual findings must find

support in the evidence before it." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir.

2009). "A party seeking class certification must affirmatively demonstrate his compliance with the

Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties,

common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Court will address each of the Rule 23 requirements in turn.

### A. Class Definition

With the instant motion, Plaintiff Abby asks the Court to certify the following class:

> all consumers who received any debt collection communications (e.g., letters or notices) from Defendant-Paige without the required notices/disclosures/warnings required by the FDCPA at any time from one year prior to the filing of this action (i.e., October 6, 2009) to the present.

(DE #202, at 1).

Upon consideration of the proposed class definition, the Court finds that it is vague, indefinite, and overbroad. The proposed class definition refers to an indefinite number of plaintiffs, and fails to specify a common harm to be remedied on a class scale. Even assuming that the Court could modify the proposed class definition so as to comply with requirements of Rule 23, the Court finds that the record is devoid of sufficient evidence to ascertain the existence of class members.

For instance, although it appears from the body of the motion that Plaintiff Abby intends the class to include the residents of approximately 100 different residential communities whose homeowners' associations are represented by Defendant Paige, there is insufficient evidence to identify the residential communities referenced (aside from a bare-bones list of the names of some of Defendant Paige's clients), no record evidence to ascertain the identities of these individuals, and no evidence that any of these individuals ever received a letter or notice from Defendant Paige, much less one that allegedly violated the unspecified provisions of the FDCPA. (DE #202, at 2). Accordingly, the Court rejects the proposed class definition.

### B. Numerocity

The numerosity requirement of Rule 23 necessitates a determination as to "whether 'the class is so numerous that joinder of all members is impracticable.'" *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266–67 (11th Cir. 2009) (quoting FED. R. CIV. P. 23(a)(1)). "The U.S. Court of Appeals for the Eleventh Circuit, however, has recently made it abundantly clear that the burden to satisfy numerosity is on the plaintiff seeking to certify a class, and a plaintiff is not permitted to make a purely speculative showing that numerosity has been met." *Kelecseny*, 262 F.R.D. at 669.

Here, numerosity is, at best, speculative. Instead of directing the Court to record evidence, Plaintiff Abby asserts in the motion that the "numerosity element has easily been met as a reasonable and common sense estimate of the number of consumers sent the non-complying debt collection communications substantially exceeds 40 in number." (DE #202, at 6). In Reply to Defendant Paige's Response highlighting the speculative and conclusory nature of Plaintiff Abby's numerocity argument, Plaintiff Abby further states, without any specific reference to the record, that "[a]ll that is required is approximately 40 other class members; in light of Paige's broad debt collection practice and his own testimony, numerosity has easily been met." (DE #254, at 4). Accordingly, the Court finds that Plaintiff Abby has failed to present sufficient evidence to support a finding a numerocity.

### C. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Specifically, the plaintiff has the burden to "demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 131 S. Ct. at 2550–51(quoting *Gen. Telephone Co. of SW v. Falcon*, 457

U.S. 147, 157 (1982)). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.*

As a basis for commonality, Plaintiff Abby asserts that "[c]ommonality here has also been readily met in the sharing of the common questions of law or facts among the various class members arising from the form letters (i.e., from the common course of conduct and practice by the Defendant . . . ." (DE #202, at 7). Plaintiff Abby further suggests that commonality is satisfied because "the class members all have similar claims arising from the same pattern or practice of debt collection by Paige, which revolve around central factual/legal issues . . . ." (DE #245, at 6).

The Court finds that Plaintiff Abby's analysis of commonality places too much emphasis on what amounts to a technical violation of the FDCPA, and not enough on the commonality of harm to the proposed class members. As the Supreme Court made clear in *Wal-Mart*, an alleged common violation by a defendant is insufficient to meet a plaintiff's burden on a motion for class certification absent evidence that the numerous, ascertainable class members were harmed in the same way by the defendant's actions. 131 S. Ct. at 2550–51. Accordingly, the Court finds that the Rule 23 requirement of commonality is not satisfied.

### D. Typicality

"[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Cooper v. So. Co.*, 390 F.3d 695, 713 (11th Cir. 2004). "A class representative must . . . possess . . . the same injury as the class members" in order to be typical under Rule 23(a)(3). *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).

In support of typicality, Plaintiff Abby argues, again, without any reference to the record, that "[h]er claims are identical to those advanced on behalf of the class" in that they all received the same letter(s) from Defendant Paige. (DE #202, at 7). Given that Plaintiff Abby has yet to produce on the record evidence of even one other ascertainable class member who received the same letter(s) from Defendant Paige, the Court finds that typicality fails.

### E. Adequacy

Adequacy of representation "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Here, the Court notes that Plaintiff Abby has diligently pursued her individual action. In addition, there is nothing on the record to suggest that Plaintiff Abby and her counsel would not adequately represent a class. Nevertheless, the Court declines to make on a finding on adequacy absent a finding that the other Rule 23(a) requirements have been met.

### III. Conclusion

Upon careful consideration of the Parties' briefs and the record, the Court finds that, even after more than one year of discovery, Plaintiff Abby has provided insufficient evidence on the record to satisfy the Rule 23(a) requirements of numerocity, commonality, and typicality for class certification. Given the dearth of evidence in support of the Rule 23(a) requirements, the Court declines to reach the merits of the Rule 23(b) conditions.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Class Certification (**DE #202**) be, and the same is hereby, **DENIED.**

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building

and United States Courthouse in Miami, Florida on this 2d day of May, 2012.

*James Lawrence King*

JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc:     **Magistrate Judge Chris M. McAliley**

***Counsel for Plaintiff***
**Sina Negahbani**
PO Box 566055
Miami, FL 33256
305-595-9078
Fax: 305-595-9079
Email: NegahbaniS@yahoo.com

***Counsel for Defendants***
**Mark Blumstein**
The Blumstein Law Firm
One Turnberry Place
Suite 302
19495 Biscayne Boulevard
Aventura, FL 33180
786-514-1604
Fax: 305-935-9710
Email: mark@blumsteinlaw.com

**Susan H. Aprill**
Fowler White Burnett P.A.
21st Floor
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
954-377-8100
Fax: 954-377-8101
Email: sa@fowler-white.com

**Michael Lewis Elkins**
Fowler White Burnett, P.A.
1395 Brickell Avenue
14th Floor
Miami, FL 33131
305-789-9213
Fax: 305-728-7513
Email: melkins@fowler-white.com

**Robert Kenneth Tucker , II**
Fowler White Burnett, PA
One Financial Plaza
100 SE Third Avenue
Suite 2100
Ft. Lauderdale, FL 33394
954-377-8100
Fax: 954-377-8101
Email: Rtucker@fowler-white.com