UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 10-23589-CV-JLK

FELICE ABBY,

    Plaintiff,

v.

ROBERT PAIGE, and
WINDY POINTE HOMEOWNERS
ASSOCIATION, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT PAIGE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** comes before the Court upon Defendant Robert Paige's Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE #184), filed February 15, 2012. Therein, Defendant Paige seeks dismissal of the above-styled action on the basis that Defendant Paige's Rule 68 Offer of Judgment has mooted Plaintiff Abby's claim so as to divest this Court of subject matter jurisdiction. The Court is fully briefed in the matter.[1] Upon careful consideration of the arguments set forth in the Parties' briefs, the Court finds that it must deny Defendant Paige's Motion to Dismiss.

---

[1] Plaintiff Abby filed a Response (DE #201) on March 9, 2012, and Defendant Paige filed a Reply (DE #212) on March 19, 2012.

## I. Background

On October 6, 2010, Plaintiff Felice Abby ("Abby"), a homeowner in the Windy Pointe residential complex, filed a Complaint in above-styled action, claiming that Defendant Windy Pointe Homeowners Association, Inc. ("Homeowners Association") and Defendant Robert Paige ("Paige"), the Homeowners Association's attorney, made unlawful attempts to collect late fees on her homeowners' association dues and improperly placed a lien on her house. (Compl., DE #1). Specifically, Plaintiff Abby alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 (Count I), the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.77 (Count II), and Slander of Title (Count III) against Defendant Paige.[2] (Compl., DE #1). Along with the individual counts, the Complaint included allegations in support of class certification of the FDCPA claim against Defendant Paige. (Compl. ¶¶ 10–14, DE #1).

On April 1, 2011, the Court denied a Motion to Dismiss filed by Defendant Paige. (DE #27). Defendant Paige then filed an Answer on April 21, 2011, denying all of Plaintiff Abby's claims, including Plaintiff Abby's class allegations. (DE #35). Seven days later, on April 29, 2011, Defendant Paige made and duly served an Offer of Judgment in the amount of $6501.00 for Plaintiff Abby's actual and statutory damages for the FDCPA claim, in

---

[2] Plaintiff Abby also asserted violations of the FCCPA (Count II) and Slander of Title (Count III) against Defendant Homeowners Association. As the instant motion pertains solely to Defendant Paige, the Court's Order will not address the claims against Defendant Homeowners Association.

addition to reasonable attorney's fees and costs. (DE #183-8). Plaintiff Abby never responded to the Offer. Neither Defendant Paige nor Plaintiff Abby notified the Court of the Offer of Judgment until the filing of the instant motion, almost ten months later.

Over the following year, Plaintiff Abby and Defendant Paige engaged in extremely contentious discovery before the Honorable Chris M. McAliley.[3] The discovery disputes concerned, among other issues, Defendant Paige's production of materials relevant to Plaintiff Abby's forthcoming motion to certify class. (DE #54; DE #79). Magistrate Judge McAliley entered a number of orders compelling Defendant Paige to produce the requested documents. (DE #77; DE #96). As a result of the drawn out discovery process and at the request of Plaintiff Abby and Defendant Windy Pointe, the Court continued the initial Scheduling Order, and extended the discovery deadline to March 28, 2012 and the motions deadline to April 2, 2012. (DE #160).

On February 15, 2012, Defendant Paige filed the instant motion, arguing that the April 29, 2011 Offer of Judgment, made prior to a motion for class certification, mooted Plaintiff Abby's FDCPA claim and divested this Court of subject matter jurisdiction. On March 9, 2012, Plaintiff Abby filed a response in opposition to Defendant Paige's motion (DE #201), along with a Motion for Class Certification of the FDCPA claim against Defendant Paige (DE #202). Ultimately, after careful consideration, the Court denied class certification on the

---

[3] In the early stages of the litigation, the Court referred individual discovery motions to Magistrate Judge McAliley. Eventually, on November 21, 2011, the Court entered an Order referring all discovery matters to Magistrate Judge McAliley. (DE #120).

basis that Plaintiff Abby failed to produce record evidence of the Rule 23(a) factors for class certification. (DE #261). Before the Court now is whether Defendant Paige's Rule 68 Offer of Judgment moots Plaintiff Abby's FDCPA claim to divest this Court of subject matter jurisdiction.

## II. Analysis

Before the Court now is Defendant Paige's motion, arguing that the Court should dismiss the above-styled action for lack of subject matter jurisdiction based on determinations, as a matter of law, of Plaintiff Abby's recoverable damages. Defendant Paige first argues that the Court should determine Plaintiff Abby's recoverable damages as a matter of law under the summary judgment standard, and then find that Defendant Paige's Rule 68 Offer of Judgment—made ten months prior to the filing of the instant motion—moots Plaintiff Abby's claims for damages under the FDCPA. For the following reasons, the Court finds it must deny Defendant Paige's motion.

The policy of Rule 68 is "to encourage settlements and avoid protracted litigation." FED. R. CIV. P. 68 advisory comm. notes. Expanding on this policy, it is generally accepted among the district courts in this Circuit that an unambiguous Offer of Judgment in an amount sufficient to satisfy an individual plaintiff's claimed damages, even when rejected by the plaintiff, will moot an action by eliminating the requisite Article III case and controversy. *See generally Flast v. Cohen*, 392 U.S. 83, 95–96 (1968) ("the words 'cases' and 'controversies' ... limit the business of federal courts to questions presented in an adversary context . . . .");

4

*see, e.g.*, *Cavero v. Franklin Collection Serv. Inc.*, Case No. 1:11-CV-22630-CMA, 2012 WL 279448, at *4 (S.D. Fla. Jan. 31, 2012) (granting summary judgment in defendant's favor where it was undisputed that the defendant had made an Offer of Judgment that satisfied all of the relief sought by the plaintiff for the alleged violations of the FDCPA and the Florida Consumer Collection Practices Act); *Sampaio v. Client Servs., Inc.*, Case No. 1:07-CV-23324-JLK (S.D. Fla. Mar. 28, 2008) (dismissing FDCPA claim where defendant made Offer of Judgment that satisfied plaintiff's claimed damages), *aff'd* 306 Fed. App'x 496 (11th Cir. 2009).

A week after answering Plaintiff Abby's complaint, Defendant Paige made a Rule 68 Offer of Judgment. Plaintiff Abby had a 14-day deadline to accept Defendant Paige's Offer. Plaintiff Abby did not respond to Defendant Paige's Offer. Instead of filing of record the Offer and moving to dismiss the case on the grounds of mootness, Defendant Paige continued to aggressively litigate the above-styled action, including engaging in unrelenting attempts to evade discovery, for almost a year before bringing the existence of the Offer to the Court's attention. The significant gap in time in between the April 29, 2011 Offer and the February 15, 2012 Motion to Dismiss persuades the Court that dismissing the above-styled action at this time would undermine the purpose and policy of Rule 68 to "avoid protracted litigation." Furthermore, Defendant Paige's pursuit of discovery from Plaintiff Abby, as evidenced by motions to compel (DE #158) made subsequent to the Offer, weighs against a finding of mootness for lack of case and controversy. Accordingly, given the procedural

posture of the above-styled action, the Court finds that Defendant Paige's expired Offer does not moot Plaintiff Abby's claims under the FDCPA.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Robert Paige's Motion for Partial Summary Judgment on Actual Damages as to Plaintiff's Claim for Actual Damages Under the FDCPA and to Dismiss for Lack of Subject Matter Jurisdiction (**DE #184**) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 6th day of July, 2012.

_____
JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc:   Magistrate Judge Chris M. McAliley

*Counsel for Plaintiff*
**Sina Negahbani**
PO Box 566055
Miami, FL 33256
305-595-9078
Fax: 305-595-9079
Email: NegahbaniS@yahoo.com

*Counsel for Defendants*
**Mark Blumstein**
The Blumstein Law Firm
One Turnberry Place
Suite 302
19495 Biscayne Boulevard
Aventura, FL 33180
786-514-1604
Fax: 305-935-9710
Email: mark@blumsteinlaw.com

**Susan H. Aprill**

Fowler White Burnett P.A.
21st Floor
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
954-377-8100
Fax: 954-377-8101
Email: sa@fowler-white.com

**Michael Lewis Elkins**
Fowler White Burnett, P.A.
1395 Brickell Avenue
14th Floor
Miami, FL 33131
305-789-9213
Fax: 305-728-7513
Email: melkins@fowler-white.com

**Robert Kenneth Tucker , II**
Fowler White Burnett, PA
One Financial Plaza
100 SE Third Avenue
Suite 2100
Ft. Lauderdale, FL 33394
954-377-8100
Fax: 954-377-8101
Email: Rtucker@fowler-white.com